**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JAMIE JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:25-cv-80-SRW |
| | ) |
| MISSOURI DEPARTMENT OF MENTAL HEALTH, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Jamie Jones's applications to proceed in district court without prepaying fees or costs. ECF Nos. 5, 7. Based on the financial information provided in the applications, the Court finds that Plaintiff is unable to pay the filing fee and will waive it. Additionally, for the reasons stated below, the Court will dismiss Plaintiff's claim under 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed without prepayment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

## The Complaint

Self-represented Plaintiff Jamie Jones, a civil detainee currently being held at the Metropolitan Psychiatric Center in St. Louis, Missouri, filed the instant civil rights action on January 21, 2025, against the Missouri Department of Mental Health ("MDMH"). ECF No. 1. He alleged he was "kidnapped" by the MDMH without any additional facts. He sought $500,000 in monetary damages.

On January 23, 2025, the Court informed Plaintiff that his statement of claim was deficient as written and directed him to file an amended complaint. ECF No. 2. The Court explained that his amended complaint needed to include a short and plain statement of facts that supported his claim(s). *Id.* at 2. The Court also informed him that the MDOC was not an appropriate defendant under 42 U.S.C. § 1983.[1] *Id.*

## The Amended Complaint

Plaintiff filed his amended complaint on February 3, 2025, against the MDOC and no other defendants. ECF No. 3. His allegations are not entirely clear, so the Court will quote his statement of claim in full:

---

[1] The Court additionally ordered Plaintiff to show cause as to why he should not be required to have the permission of his Missouri guardian to pursue this action, as well as the appointment of either a guardian ad litem and/or next friend, in accordance with Federal Rule of Civil Procedure 17. *Id.* at 5. Plaintiff did not comply and, thus, failed to show cause. The Court, however, will not address the competency issue as this action is being dismissed for failure to state a claim.

> When the Dept of Mental Health was placed for a contract 6 months of threatment. NO threatment was done until the 200 day Now the Department subcontract to Psych Center for another 6 month. March 1 2025 Jamie Jones would have been a prsiner of the Department of Mental Health.

ECF No. 3 at 3 (errors in original).

Plaintiff describes his injuries as "wit[]ness[ing] contractual law trample[d] on" and "felony obstruction." *Id.* at 4. *Id.* For damages, he seeks $500,000.

**Discussion**

Plaintiff's claim against the Missouri Department of Health must be dismissed for failure to state a claim. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983"). Furthermore, an agency exercising state power is also not a person subject to suit under § 1983. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

Plaintiff's claim against the Missouri Department of Mental Health is a claim against a state agency. However, as noted above, a state agency is not a "person" for purposes of § 1983.

3

Furthermore, suit against the Missouri Department of Mental Health is barred by the Eleventh Amendment. Therefore, Plaintiff's claim against the Department of Mental Health must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's applications to proceed in the district court without prepayment of fees and costs [ECF Nos. 5 and 7] are **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motions to appoint counsel [ECF Nos. 4 and 6] are **DENIED as moot**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 10th day of March, 2025.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE